

GARY LOFTIN, CLERK OF COURT

CADDO PARISH
501 TEXAS STREET, ROOM 103
SHREVEPORT, LA 71101-5408

PHONE: 318-226-6795
318-226-6780
FAX: 318-227-9080

JESSE JAMES

NUMBER: 591,172-A

VERSUS

FIRST JUDICIAL DISTRICT COURT

MRC RECEIVABLES CORP., MIDLAND
FUNDING, LLC, PERFORMANCEONE
FINANCIAL, INC. F/K/A ENCORE CAPITAL
GROUP, INC. D.B.A MIDLAND CREDIT
MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT
FINANCIAL, LLC, and CAVALRY PORTFOLIO
SERVICES, LLC

CADDO PARISH, LOUISIANA

TO WHOM IT MAY CONCERN:

I, DIANNE L. HARMON, DEPUTY CLERK OF THE FIRST JUJDICIAL DISTRICT COURT, IN AND FOR
THE PARISH OF CADDO, STATE OF LOUISIANA, HEREBY CERTIFY THAT THE ATTACHED COPIES
ARE TRUE AND CORRECT COPIES OF THE ENTIRE ORIGINAL PROCEEDINGS FILED IN THE ABOVE
STYLED CASE.

GIVEN UNDER MY HAND AND THE SEAL OF THIS OFFICE ON THIS THE 29ᵀᴴ DAY OF MARCH,
2016.

*Dianne L. Harmon*

DIANNE L. HARMON
DEPUTY CLERK

EXHIBIT "A"

JESSE JAMES

Versus

MRC RECEIVABLES CORP., MIDLAND
FUNDING, LLC, PERFORMANCEONE
FINANCIAL, INC. F/K/A ENCORE CAPITAL
GROUP, INC. D/B/A MIDLAND CREDIT
MANAGEMENT, INC., MIDLAND CREDIT
MANAGEMENT, INC., EQUABLE ASCENT
FINANCIAL, LLC, and CAVALRY PORTFOLIO
SERVICES, LLC

NUMBER: 591,172 - A

FIRST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

P E T I T I O N

NOW INTO COURT, through undersigned counsel, JESSE JAMES, Plaintiff in the

above entitled and captioned matter, who respectfully prays for Judgment of this Honorable

Court against defendants, MRC RECEIVABLES CORP., MIDLAND FUNDING, LLC,

PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A

MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT MANAGEMENT, INC.,

EQUABLE ASCENT FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,

jointly and severally, as set forth in the following Petition, as follows:

1.

Plaintiff, JESSE JAMES, is a major domiciliary of Shreveport, Caddo Parish, Louisiana

and is a victim of repeated false credit reportings and collection activities by defendants.

2.

Made Defendants herein are:

[a]   MRC RECEIVABLES CORP., which may also hereinafter be referred to as "MRC," a

foreign corporation believed to be authorized to do and doing business in the State of

Louisiana, and who may be served with process through its registered agent for service of

process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

70802; and

[b]   MIDLAND FUNDING, LLC, which may also hereinafter be referred to as "Midland," a

foreign corporation believed to be authorized to do and doing business in the State of

Louisiana, and who may be served with process through its registered agent for service of

process: Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana

70802; and

-1-

[c]   PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be referred to as "Midland," a foreign corporation believed to be authorized to do but doing business in the State of Louisiana, and who will be served via the Louisiana Long-Arm statute through its registered agent for service of process: Nick Manardi, 2040 Main Street, Suite 800A, Irvine, California 92614;

[d]   MIDLAND CREDIT MANAGEMENT, INC., which may also hereinafter be referred to as "Midland," a foreign corporation believed to be authorized to do but doing business in the State of Louisiana, and who will be served via the Louisiana Long-Arm statute through its registered agent for service of process: Corporation Service Company, 501 Louisiana Ave, Baton Rouge, Louisiana 70802;

[e]   EQUABLE ASCENT FINANCIAL, LLC, which may also hereinafter be referred to as "Equable," a foreign corporation believed to be authorized to do and doing business in the State of Louisiana, and who will be served via the Louisiana Long-Arm statute through its registered agent for service of process: President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 160 North Franklin, 3rd Floor, Chicago, Illinois 60606; and President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd., Suite B, Buffalo Grove, Illinois 60089; and

[f]   CAVALRY PORTFOLIO SERVICES, LLC, which may hereinafter be referred to as "Cavalry," a foreign corporation believed to be authorized to do and doing business in the State of Louisiana, and who will be served via the Louisiana Long-Arm statute through its agent for service of process: President/CEO, CAVALRY PORTFOLIO SERVICES, LLC, 7 Skyline Dr., 3rd Floor, Hawthorne, New York 10532.

3.

Plaintiff respectfully asserts that this Honorable Court has subject matter jurisdiction in this case as a court of competent, concurrent jurisdiction.   Venue is proper as this Parish under the Louisiana Long-Arm venue provision and plaintiff's damages were sustained in this Parish and, substantially, all of the underlying events took place in and caused impact and damage in this Parish and State.

4.

Plaintiff respectfully requests that this Honorable Court award in plaintiff's favor and against the Defendants sums representing statutory damages and punitive or exemplary damages in addition to actual or compensatory damages.

5.

Plaintiff respectfully requests that this Honorable Court award plaintiff his litigation expenses and other costs of litigation and reasonable attorneys' fees incurred in this litigation.

6.

Plaintiff is a consumer and a victim of improper collection activities and false credit reportings by defendants.

7.

Defendants MRC, Equable, Cavalry, and Midland are debt collectors and furnishers/users/subscribers of and to credit information to the national credit reporting agencies, including Experian, Equifax and Trans Union.

8.

MRC and Midland operate a debt collection operation utilizing various identities as a single business enterprise and operate so as to use the identities to confuse consumers as to the identity of the collector and magnify the impact of their collection actions aimed at the consumer.

9.

Prior to November 26, 2012, Equable filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed with prejudice in a "take nothing" dismissal terminating all claims by Equable against plaintiff.

10.

For unknown reasons and unknown to plaintiff, Equable assigned and transferred the same, exact contested collection account, #44793*** [truncated], which had been the subject of the state court lawsuit referenced above and which claims had been dismissed with prejudice, to another debt collector, Cavalry.

11.

For unknown reasons and unknown to plaintiff, Cavalry accepted the assignment and transfer of the terminated account of Equable and proceeded to commence a credit reporting

campaign against plaintiff to the national consumer reporting agencies.

12.

Plaintiff was not notified and was unaware of Cavalry's acts until recently.

13.

Upon learning of Cavalry's acts, plaintiff contested the Equable now Cavalry account to Cavalry.

14.

For unknown reasons and unknown to plaintiff, Cavalry persisted in a campaign of monthly credit reportings to the national consumer reporting agencies and, each such reporting to each consumer reporting agency, represented an act of debt collection and a false and defamatory communication, made with malice and willful intent to harm plaintiff's credit, property rights therein, reputation and standing in the community.

15.

Further, each such reporting to each consumer reporting agency, represented a false communication about the existence of, nature of, sum of, status and all other aspects of the alleged debt collection account.

16.

Following the dismissal of the aforementioned Equable state court lawsuit, plaintiff, through counsel, lodged a formal, written dispute to all of the national consumer reporting agencies and to Equable as well. That letter was dated November 26, 2012 and was properly addressed and mailed to each addressed party and deposited into the U.S. mails with proper postage applied and those letters were not returned undelivered and are presumed to have been received by the addressees. As further proof of receipt, the addressees communicated with plaintiff and/or counsel acknowledging receipt.

17.

The November 26, 2012, explained to the consumer reporting agencies and Equable, as did pleadings made by plaintiff in the dismissed Equable state court lawsuit, that plaintiff did not owe Equable anything and that the account claimed by Equable [now Cavalry] was not plaintiff's account and that Equable was wrongly pursuing plaintiff in credit reportings and the dismissed collection lawsuit.

18.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies communicated with Equable and provided Equable with the same dispute information as was contained in the November 26, 2012, letter which was, of course, copied to Equable directly as well. Hence, Equable received the dispute from plaintiff directly as well as through the E-OSCAR/credit reporting dispute notification mechanism established by the consumer reporting agencies to perform notice and reinvestigation functions with their respective furnishers/users/subscriber such as Equable and the other defendants herein.

19.

Prior to November 26, 2012, Midland/MRC filed a lawsuit against plaintiff in Louisiana state court and the suit was dismissed without prejudice in a "take nothing" dismissal terminating all claims by Midland/MRC against plaintiff.

20.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted to maintain an open collection account, #854702*** [truncated], against plaintiff despite receipt of multiple disputes advising Midland/MRC that the subject collection account and alleged underlying debt does not pertain to plaintiff and is not plaintiff's account or debt.

21.

For unknown reasons and unknown to plaintiff, following 2012, Midland/MRC proceeded to commence a credit reporting campaign against plaintiff to the national consumer reporting agencies.

22.

Plaintiff was not notified and was unaware of Midland's/MRC's acts, after 2012, until recently. Plaintiff was reasonably led to believe that Midland/MRC terminated its collection activities, prior [2012 and before] credit reportings and dismissed its baseless collection lawsuit.

23.

Upon learning of Midland's/MRC's acts, plaintiff contested the Midland/MRC account again.

24.

For unknown reasons and unknown to plaintiff, Midland/MRC has persisted in a

campaign of monthly credit reportings, after 2012, to the national consumer reporting agencies and, each such reporting to each consumer reporting agency, represented an act of debt collection and a false and defamatory communication, made with malice and willful intent to harm plaintiff's credit, property rights therein, reputation and standing in the community.

25.

Further, each such reporting to each consumer reporting agency, represented a false communication about the existence of, nature of, sum of, status and all other aspects of the alleged debt collection account.

26.

Following the dismissal of the aforementioned Midland/MRC state court lawsuit, plaintiff, through counsel, lodged a formal, written dispute to all of the national consumer reporting agencies and to Midland/MRC as well.  That letter was dated November 26, 2012 and was properly addressed and mailed to each addressed party and deposited into the U.S. mails with proper postage applied and those letters were not returned undelivered and are presumed to have been received by the addressees.  As further proof of receipt, the addressees communicated with plaintiff and/or counsel acknowledging receipt.

27.

The November 26, 2012, explained to the consumer reporting agencies and Midland/MRC, as did pleadings made by plaintiff in the dismissed Midland/MRC state court lawsuit, that plaintiff did not owe Midland/MRC anything and that the account claimed by Midland/MRC was not plaintiff's account and that Midland/MRC was wrongly pursuing plaintiff in credit reportings and the dismissed collection lawsuit.

28.

Pursuant to 15 U.S.C. 1681i[a] and 1681s-2[b], each of the consumer reporting agencies communicated with Midland/MRC and provided Midland/MRC with the same dispute information as was contained in the November 26, 2012, letter which was, of course, copied to Midland/MRC directly as well.  Hence, Midland/MRC received the dispute from plaintiff directly as well as through the E-OSCAR/credit reporting dispute notification mechanism established by the consumer reporting agencies to perform notice and reinvestigation functions with their respective furnishers/users/subscriber such as Midland/MRC and the other defendants

herein.

29.

Despite the properly lodged disputes, timely re-transmittal of the disputes by the consumer reporting agencies to Equable and Midland/MRC, and the failed reinvestigations by Equable and Midland/MRC, plaintiff was not notified, aware nor could he have known under the circumstances, that those defendants had violated their duties to conduct reasonable, proper, timely and complete reinvestigations and to report accurate information in respond to those formal disputes through the consumer reporting agencies' respective reinvestigation and dispute resolution mechanisms.

30.

As a consequence of the failed reinvestigations and continued false credit reportings that resulted, plaintiff sustained damages and adverse action due to Equable's and Midland's/MRC's fault and violations.

31.

The repeated receipt of disputes from plaintiff, coupled with the same disputes contained in legal pleadings resulting is dismissals of the aforementioned state court lawsuits, as well as the failures to investigate the account and collection files at any time, all show support for the conclusion that Equable's and Midland's/MRC's actions and omissions aimed at damaging and harming plaintiff were intentional, malicious, reckless and with willful intent to injure plaintiff.

32.

Each of plaintiff's respective consumer reports, from each respective agency, as archived, show each republication, retransmission and reporting of the false and defamatory information by the defendants about plaintiff and which led to damages and adverse action.

33.

Each republication, retransmission and reporting of the false and defamatory information by the defendants through their authorized agents, the consumer reporting agencies and their web of inter-related and inter-connected satellites, users, subscribers and scoring partners, represents a separate and distinct tort, violation of both debt collection and credit reporting laws and are separately actionable events.

34.

As an authorized agent of each of the defendants, the national consumer reporting agencies posted the inaccurate credit reporting information from the defendants into plaintiff's credit file and each subsequent credit report prepared and published about plaintiff contained the false and damaging information. Further, each subsequent credit score and other predictive score and rating about plaintiff contained information relative to the false reporting by defendants.

35.

Defendant Cavalry did nothing to investigate the validity of the Equable account before commencing its damaging and improper campaign against plaintiff and, even since learning of plaintiff's disputes and the information plead herein above, Cavalry has persisted in its debt collection and credit reporting acts against plaintiff.

36.

Credit reporting and particularly debt collection credit reporting serves no function but to damage the consumer who is the subject of the reportings.

37.

Credit reporting is an act of debt collection by debt collection agencies.

38.

Credit reporting is a cheap and effective means of damaging the subject consumer which is the intended result sought by the defendants, as furnishers.

39.

Plaintiff, individually and through counsel, communicated with defendants on a number of occasions in an effort to obtain resolution and removal of the false information, to no avail. Defendants have continued to report the false information and leave the data in plaintiff's credit files despite his protestations and continued credit reporting damages.

40.

Plaintiff has sustained adverse action in his efforts to utilize his credit and the negative account reportings by defendants have been, at least, a "substantial factor" in causing the damages and adverse action.

41.

Plaintiff suffered stress, embarrassment, inconvenience and related problems due to the

adverse action and his efforts to correct the damages caused to his credit by defendants.

42.

Plaintiff's credit has excellent absent the contested information.

43.

As reflected in the inquiry sections of plaintiff's credit report copies, plaintiff has applied for credit and other consumer benefits and has sustained adverse action based upon credit reports prepared and published by the defendants to those third parties.

44.

The defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of the false reportings and continued placement of the false information in consumer [credit] reports they published about plaintiff.

45.

The end result was that the same false, derogatory credit reportings persisted and plaintiff continued to suffer damages.

46.

Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

47.

Defendants are debt collection agencies.

48.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth.

49.

Defendants' publication of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, and emotional distress and mental anguish.

50.

Defendants, Equable and MRC/Midland, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], by failing to perform reasonable reinvestigations and failing to reasonably and truthfully respond to reinvestigation requests and by further supplying inaccurate and false

03042016JCAM00000071

information.

51.

Defendants, Equable and MRC/Midland, continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information about the plaintiff, as described more fully herein.

## C O U N T S

## COUNT 1 - ALL DEFENDANTS - NEGLIGENCE OR

### ALTERNATIVELY INTENTIONAL ACTS

52.

Defendants owed duties of reasonable care to plaintiff.

53.

Defendants failed to exercise reasonable care and prudence in the reporting and collection of the disputed account, each subsequent reporting and re-reporting, the handling and reinvestigation of data about plaintiff, all made the subject of this lawsuit, and which consequently caused damaged plaintiff.

54.

Alternatively, defendants recklessly, maliciously and/or intentionally committed various acts and omissions against plaintiff which have caused damages and other harms to plaintiff.

### COUNT 2 - ALL DEFENDANTS - DEFAMATION

55.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted.

56.

Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

57.

Defendants were notified of inaccuracies by plaintiff however, the defendants continued to issue and/or publish report(s) to third parties which contained inaccurate information about

Plaintiff.

58.

Defendants have, with willful intent to injure and/or maliciously, defamed Plaintiff.

## COUNT 3 - ALL DEFENDANTS - INVASION OF PRIVACY

59.

Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have invaded plaintiff's privacy.

60.

Defendants have, with willful intent to injure and/or maliciously, invaded Plaintiff's privacy.

## COUNT 4 - ALL DEFENDANTS - NEGLIGENT OR ALTERNATIVELY INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND PROPERTY DAMAGE

61.

Defendants negligently or, alternatively, recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters asserted and engaged in other debt collection activities and such actions have inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

62.

Defendants have, with willful intent to injure and/or maliciously, inflicted emotional distress upon plaintiff and caused serious property damages to his credit, a valued property right.

## COUNT 5 - DEFENDANTS-FURNISHERs
[MRC, MIDLAND AND EQUABLE] - FAIR CREDIT REPORTING ACT, 1681s-2[b]

63.

Further, the consumer reporting agencies advised Equable and MRC/Midland that plaintiff disputed the subject accounts and false credit reportings. Each separate notice trigger duties under section 1681s-2[b].

Page -11-

64.

Despite receipt of the same dispute a number of times, Equable and MRC/Midland failed to properly reinvestigate and respond and repeatedly reported the false, derogatory information to the consumer reporting agencies in violation of the Act.

65.

According to the national consumer reporting agency's reports, in each instance, Equable and MRC/Midland continued to falsely report about plaintiff.

66.

Equable and MRC/Midland likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681s-2[b], multiple times each, by failing to properly conduct a reasonable reinvestigation and by failing to supply accurate and truthful information.

67.

Rather, Equable and MRC/Midland continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

68.

Equable and MRC/Midland failed to conduct an investigation or reinvestigation with respect to consumer credit data it reported and repeatedly re-reported about plaintiff.

69.

C Equable and MRC/Midland failed to review all relevant and pertinent information provided to it by the consumer reporting agencies and plaintiff.

70.

Equable and MRC/Midland were well aware that their reportings and activities would [and will] damage plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights he secured by honoring his obligations to all of his creditors.

COUNT 6 - FAIR DEBT COLLECTION PRACTICES ACT

71.

Defendants failed to investigate the existence, basis, status, identity of the alleged debtor and all other aspects of the respective collection accounts and alleged debts as described herein.

72.

Defendants reported false information about the alleged consumer debts to the consumer reporting agencies and, month after month, defendants have re-reported and continually disseminated personal and credit information, to those agencies, for republication in consumer reports about the Plaintiff, which was inaccurate, false, erroneous and misleading despite notice from the plaintiff that such information was inaccurate.

73.

Defendants have engaged in a wrongful, illegal and harassing debt collection campaign designed to coerce and extort monies from plaintiff which are not owed. These deceptive misrepresentation are designed to coerce and extort plaintiff and to further damage plaintiff's credit and well-being. Harassment and abuse of a consumer violates the FDCPA.

74.

Defendants' false and misleading communications about plaintiff and to plaintiff violate the FDCPA.

75.

Defendants' conduct, as described herein, constitutes unfair practices in debt collection and violates the FDCPA.

76.

Defendants reported information that misrepresented the alleged debt and engaged in debt collection activities which violated the FDCPA willfully, or alternatively, negligently, on multiple occasions. These strict liability violations by the defendants were not made by the defendants in good faith or due to any bona fide error[s].

## ADDITIONAL ALLEGATIONS

77.

The above and foregoing actions, inactions and fault of defendants, as to each and every count, have proximately caused a wide variety of damages to plaintiff including but not limited to out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and further awards of punitive/exemplary damages, attorneys' fees, litigation expenses, expert witness fees,

and court costs are likewise proper.

78.

Defendants' false credit reporting about plaintiff have been a substantial factor in causing

credit denials and other damages.

79.

Defendants have negligently and/or willfully violated various provisions of the Fair

Credit Reporting Act, the Fair Debt Collection Practices Act, and other laws and are thereby

liable unto plaintiff.

80.

Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive

damages awarded in this case, as well as other demands and claims asserted herein including, but

not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain

and suffering, embarrassment, inconvenience, lost economic opportunities, loss of incidental

time, frustration, emotional distress, mental anguish, fear of personal and financial safety and

security, attorneys' fees, and court costs, litigation expenses, expert witness fees, and other

assessments proper by law and any and all other applicable federal and state laws, together with

legal interest thereon from date of judicial demand until paid.

WHEREFORE PLAINTIFF JESSE JAMES PRAYS that after all due proceedings be had

there be judgment herein in favor of Plaintiff and against Defendants, as follows:

1)  That there be Judgment in favor of JESSE JAMES and against MRC
    RECEIVABLES CORP., MIDLAND FUNDING, LLC,
    PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL
    GROUP, INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,
    MIDLAND CREDIT MANAGEMENT, INC., EQUABLE ASCENT
    FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC,
    jointly and severally, for all reasonable damages sustained by Plaintiff
    including but not limited to actual damages, compensatory damages,
    statutory damages, out-of-pocket expenses, credit denials, costs and time
    of repairing their credit, pain and suffering, embarrassment,
    inconvenience, lost economic opportunities, loss of incidental time,
    frustration, emotional distress, mental anguish, fear of personal and
    financial safety and security, and for punitive/exemplary damages,
    attorneys' fees, and court costs, litigation expenses, expert witness fees,
    and other assessments proper by law and any and all other applicable
    federal and state laws, together with legal interest thereon from date of
    judicial demand until paid; and

2)  That this Honorable Court order the defendants, MRC RECEIVABLES
    CORP., MIDLAND FUNDING, LLC, PERFORMANCEONE

FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC., MIDLAND CREDIT MANAGEMENT, INC., EQUABLE ASCENT FINANCIAL, LLC, and CAVALRY PORTFOLIO SERVICES, LLC, to reinvestigate and correct the credit report(s), data emanations, and credit histories of and concerning Plaintiff or any of plaintiff's personal identifiers and cease any and all collection activities made against plaintiff.

FURTHER: Prays for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted,

Bodenheimer, Jones & Szwak, LLC



By: _____
David A. Szwak, La.BR #21157, TA
416 Travis Street, Suite 1404
Mid South Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX 221-6555

Counsel for Plaintiff

PLEASE SERVE:

*   MRC RECEIVABLES CORP.,
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

*   MIDLAND FUNDING, LLC,
To be served with process through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802; and

*   PERFORMANCEONE FINANCIAL, INC. F/K/A ENCORE CAPITAL GROUP, INC. D/B/A MIDLAND CREDIT MANAGEMENT, INC.,
To be served via the Louisiana Long-Arm statute through its registered agent for service of process:
Nick Manardi, 2040 Main Street, Suite 800A, Irvine, California 92614;
PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT SERVICE;

*   MIDLAND CREDIT MANAGEMENT, INC.,
To be served through its registered agent for service of process:
Corporation Service Company, 501 Louisiana Ave., Baton Rouge, Louisiana 70802;

*   EQUABLE ASCENT FINANCIAL, LLC,
To be served via the Louisiana Long-Arm statute through its registered agent for service of process:
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 160 North Franklin, 3rd Floor, Chicago, Illinois 60606; and
President/CEO, EQUABLE ASCENT FINANCIAL, LLC, 1120 West Lake Cook Rd., Suite B, Buffalo Grove, Illinois 60089;
PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT SERVICE;
and

Page -15-

0304201a3CAM00000077

*   **CAVALRY PORTFOLIO SERVICES, LLC,**
To be served via the Louisiana Long-Arm statute through its agent for service of process:
President/CEO, CAVALRY PORTFOLIO SERVICES, LLC, 7 Skyline Dr., 3rd Floor,
Hawthorne, New York 10532.
*PLEASE ISSUE LONG-ARM SERVICE PAPERS TO PLAINTIFF'S COUNSEL TO EFFECT
SERVICE.*

Page -16-

# Long-Arm Citation

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

JAMES, JESSE

VERSUS

MRC RECEIVABLES CORP ETAL

THE STATE OF LOUISIANA:   TO   CAVALRY PORTFOLIO SERVICES LLC

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:
  REQUEST FOR ADMISSIONS OF FACTS
  __ INTERROGATORIES
  __ REQUEST FOR PRODUCTION OF DOCUMENTS
  __

GARY LOFTIN, CLERK OF COURT
MIKE SPENCE, CHIEF DEPUTY

By: _____
          Deputy Clerk

DAVID SZWAK-4019
          Attorney

sn

# Long-Arm Citation

JAMES, JESSE                          NO. 591172-A
                                      STATE OF LOUISIANA
      VERSUS                          PARISH OF CADDO
                                      FIRST JUDICIAL DISTRICT COURT

MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:     TO    EQUABLE ASCENT FINANCIAL LLC
                                  THRU EQUABLE ASCENT FINANCIAL LLC
                                  PRESIDENT/CEO

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:      GARY LOFTIN, CLERK OF COURT
__ REQUEST FOR ADMISSIONS OF FACTS     MIKE SPENCE, CHIEF DEPUTY
__ INTERROGATORIES
__ REQUEST FOR PRODUCTION OF DOCUMENTS  By: _____
                                                Deputy Clerk

                                        DAVID A SZWAK
                                            Attorney

sn

# Long-Arm Citation

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

JAMES, JESSE

VERSUS

MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:    TO    EQUABLE ASCENT FINANCIAL LLC
THRU EQUABLE ASCENT FINANCIAL LLC
AGENT, PRESIDENT/CEO

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:         GARY LOFTIN,  CLERK OF COURT
__ REQUEST FOR ADMISSIONS OF FACTS        MIKE SPENCE,  CHIEF DEPUTY
__ INTERROGATORIES
__ REQUEST FOR PRODUCTION OF DOCUMENTS    By: _____
                                                        ;
                                               _____
                                                  Deputy Clerk

                                          DAVID A  SZWAK
                                               Attorney



sn

## Citation

JAMES, JESSE

    VERSUS

MRC RECEIVABLES CORP ETAL

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT CORT

THE STATE OF LOUISIANA:   TO   MIDLAND CREDIT MANAGEMENT INC
THRU CORPORATION SERVICE COMPANY
AGENT
501 LOUISIANA AVE
BATON ROUGE LA 70802
of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*   The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:
_ REQUEST FOR ADMISSIONS OF FACTS
_ INTERROGATORIES
_ REQUEST FOR PRODUCTION OF DOCUMENTS
|
|
|

GARY LOFTIN, CLERK OF COURT
MIKE SPENCE, CHIEF DEPUTY

By: _____
                Deputy Clerk

_____
DAVID Z SZWAK
                Attorney



sn

# Long-Arm Citation

JAMES, JESSE

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

VERSUS

MRC RECEIVABLES CORP ETAL

THE STATE OF LOUISIANA:    TO    **PERFORMANCE FINANCIAL INC FKA
ENCORE CAPITAL GROUP INC DBA
MIDLAND CREDIT MANAGEMENT INC
THRU NICK MANARDI, AGENT**

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within THIRTY (30) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within THIRTY (30) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:
___ REQUEST FOR ADMISSIONS OF FACTS
___ INTERROGATORIES
___ REQUEST FOR PRODUCTION OF DOCUMENTS

GARY LOFTIN, CLERK OF COURT
MIKE SPENCE, CHIEF DEPUTY

By:_____

_____
Deputy Clerk

DAVID A SZWAK
Attorney



sn

# Citation

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

JAMES, JESSE

    VERSUS

MRC RECEIVABLES CORP  ETAL

THE STATE OF LOUISIANA:   TO   MIDLAND FUNDING LLC
                                 THRU CORPORATION SERVICE COMPANY
                                 AGENT
                                 501 LOUISIANA AVE
                                 BATON ROUGE LA 70802
                                 of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:
  ___ REQUEST FOR ADMISSIONS OF FACTS
  ___ INTERROGATORIES
  ___ REQUEST FOR PRODUCTION OF DOCUMENTS

GARY LOFTIN, CLERK OF COURT
MIKE SPENCE, CHIEF DEPUTY

By: _____
               Deputy Clerk

_____
DAVID A SZWAK
               Attorney



sn

# Citation

JAMES, JESSE

    VERSUS

MRC RECEIVABLES CORP  ETAL

NO. 591172-A
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA:   TO   MRC RECEIVABLES CORP
    THRU CORPORATION SERVICE COMPANY
    AGENT
    501 LOUISIANA AVE
    BATON ROUGE LA 70802
    of the Parish of EAST BATON ROUGE

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.*  The
petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days
after you have received these documents, you must file an answer or other
legal pleadings in the Office of the Clerk of this Court at the Caddo
Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer
or legal pleading within FIFTEEN (15) days, a judgment may be entered
against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this
date March 03, 2016.

*Also attached are the following:
  REQUEST FOR ADMISSIONS OF FACTS
  INTERROGATORIES
  REQUEST FOR PRODUCTION OF DOCUMENTS

GARY LOFTIN, CLERK OF COURT
MIKE SPENCE, CHIEF DEPUTY

By: _____
    Deputy Clerk

DAVID A SZWAK-4019
    Attorney

FILE COPY