UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JESSE JAMES                                    CIVIL ACTION NO. 16-cv-0448

VERSUS                                         JUDGE HICKS

MRC RECEIVABLES CORP                           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Jesse James ("Plaintiff") filed suit in state court against several defendants for alleged violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Some of the defendants removed the case based on federal question jurisdiction. Before the court is Plaintiff's Motion to Remand (Doc. 11) that argues the removal was deficient for lack of timely consent from all necessary defendants. For the reasons that follow, it is recommended that the Motion to Remand be denied.

**Applicable Law**

    **A. Rule of Unanimity**

If a civil action is filed in state court and presents a claim over which the federal district courts have original jurisdiction, the defendants may, subject to statutory exceptions, remove the case to federal court. 28 U.S.C. § 1441(a). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must

join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This provision is often called the rule of unanimity.

The unanimity requirement of Section 1446(b)(2)(A) was codified by The Federal Courts Jurisdiction and Venue Clarification Act of 2011, effective January 6, 2012. Even before the Act, the Fifth Circuit interpreted the removal statute to include such a requirement. See, e.g., Getty Oil Corp. v. Insurance Co. of N. America, 841 F.2d 1254, 1262 (5th Cir.1988) and Farias v. Bexar County Board of Trustees, 925 F.2d 866, 871 (5th Cir. 1991). The Fifth Circuit does not require each defendant to sign the notice of removal, but "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do, that it has actually consented to such action." Getty Oil, 841 F.2d at 1262 n.11. Courts have continued to apply the Getty rule to cases filed after the Act. See, e.g., Burnett v. ARCCA Incorporated, 2016 WL 828151, *2 (W.D. La. 2016); Crowley v. American Mut. Ins. Co., 2012 WL 3901629, *2 (E.D. La. 2012).

**B. Time For Removal**

The general rule is that a notice of removal must be filed within 30 days of formal service of the state-court petition on the defendant. 28 U.S.C. § 1446(b); City of Clarksdale v. BellSouth Telecommunications, Inc., 428 F.3d 206, 210 (5th Cir. 2005) . An issue in this case is the time for removal in a multi-defendant case. The Fifth Circuit previously followed the first-served defendant rule, as applied in cases such as Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986). That rule required the first-served defendant to remove the case

within 30 days, or later-served defendants would be barred from removing because they could not obtain the timely consent of the earlier-served defendant.

The 2012 amendments to 28 U.S.C. § 1446(b)(2)(C) did away with that approach. The current statute provides: "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." The amended statute applies to actions commenced after January 6, 2012. Haygood Dental Care, LLC v. Dies, 2016 WL 1084288, *3 (W. D. La. 2016). Plaintiff filed this suit in state court in 2016, so the amendments are fully applicable.

**Analysis**

### A. Midland Defendants and Equable Ascent Timely Consented to Removal

The parties agree that defendant Equable Ascent was served on March 17, 2016. Plaintiff represents that defendants MRC, Midland Funding, Encore Capital Group (a/k/a Performance One Financial), and Midland Credit Management (the "Midland defendants") were served on March 18, 2016. Defendants state in their notice of removal that one or more of the Midland defendants were served on March 18, and they do not contest Plaintiff's assertion that all of them were served on that date.

The 30th day after Equable Ascent was served was Saturday, April 16. The 30th day after the Midland defendants were served was Sunday, April 17. Federal Rule of Civil Procedure 6(a) provides rules for computing a time period when a statute does not specify a method. It provides in Rule 6(a)(1)(C) that "if the last day is a Saturday, Sunday, or legal

holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Courts have applied Rule 6(a) when determining the time for filing a notice of removal. <u>Bermudez v. Wal-Mart Stores Tex, LLC</u>, 2010 WL 2486868, *4 n. 3 (S. D. Tex. 2010); <u>Hernandez v. Menlo Logistics, Inc.</u>, 2013 WL 5934411, *18 (D. N. Mex. 2013) (collecting cases). Accordingly, the deadline for either Equable Ascent or the Midland defendants was Monday, April 18.

The Midland defendants filed their notice of removal on April 4, 2016, well within the 30-day period. Counsel for the Midland defendants represented in the notice that all of them consented to the removal, and Plaintiff does not question that consent.

Equable Ascent did not join in the notice of removal, but it did later provide a separate signed consent to removal. The Midland defendants filed that consent with the court on Monday, April 18, 2016. Doc. 10. That was sufficient. Defendants who do not sign the notice of removal are allowed to later file a separate consent to the removal, so long as they do so within the 30-day period. <u>Powers v. U.S</u>., 783 F.3d 570, 576 (5th Cir. 2015). Accordingly, a notice of removal and the written consent of both the Midland defendants and Equable Ascent were in the record within the allowed 30-day period. The motion to remand should be denied.

### B. Calvary Portfolio

Plaintiff makes mention in his motion that he mailed long-arm service to another defendant, Calvary Portfolio, but it was returned marked "unable to forward." Section 1446 requires only that defendants "who have been properly joined and served" must join in or

consent to the removal. "Defendants who remain unserved when the removal petition is filed need not join it." Hanna v. RFC Deutsche Bank Nat. Trust Co., 2011 WL 2981855 (N.D. Tex. 2011), citing Getty Oil.

Plaintiff does not attempt to make the case that his returned mail was valid service under state law, nor does he offer any specific argument that Calvary Portfolio was required to join in or consent to the notice of removal at the time it was filed. Accordingly, the mention of returned mail from Calvary Portfolio does not provide a ground for remand.[1]

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion to Remand (Doc. 11)** be **denied**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

---

[1] After the motion to remand was briefed, Calvary Portfolio filed on May 17, 2016 a statement (Doc. 25) regarding removal. It reported that it received a copy of the state court petition on or about April 25, 2016 (22 days earlier), and it consents to removal of this case. Calvary Portfolio also filed its own notice of removal, which resulted in a separate civil action, 16 CV 0681.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of May, 2016.

Mark L. Hornsby
U.S. Magistrate Judge